IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LINDA TOM, | \* |
|     Plaintiff, | \* |
| v. | \*   Civil No. **20-3386 PJM** |
| MONTGOMERY COUNTY PUBLIC SCHOOLS, | \* |
|     Defendant. | \* |

**MEMORANDUM OPINION**

*Pro se* Plaintiff Linda Tom has filed this suit against her former employer Defendant Montgomery County Board of Education, alleging discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–534, and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112–12117. Tom alleges that the Board subjected her to unequal terms and conditions of employment, retaliation, and constructive discharge, because of her age and disability due to breast cancer. The Board has moved to dismiss the complaint. Having considered the Board's motion and Tom's opposition thereto, the Court will **GRANT** the motion to dismiss. As distressing as the alleged conduct may have been for Tom personally, it does not meet even the *prima facie* bar for discrimination under the ADA or ADEA.

I.

Tom was employed as a special education teacher by Montgomery County Public Schools (MCPS) from August 2001 until she retired in June 2016. Her complaint states that in July 2014 Dr. Jane Ennis became principal at Glen Haven Elementary School where Tom worked. Tom, who had breast cancer, scheduled a mastectomy for June 20, 2014, and informed Dr. Ennis around that time that she could not attend a meeting during her recovery from surgery.

Tom avers that she consistently received satisfactory job ratings while she worked for MCPS. In a May 15, 2015, evaluation, Dr. Ennis wrote that Tom "meets standards," but that same month she placed Tom under a special evaluation for the following school year. Tom alleges that the special evaluation led to unfair treatment, micromanagement, and humiliation that interfered with her teaching. She believes this unfavorable treatment occurred because Dr. Ennis does not think an older teacher with cancer can teach effectively, based on unspecified "age-related" comments that Dr. Ennis allegedly made.

Tom filed a charge with the EEOC on December 20, 2015, after which Dr. Ennis allegedly increased the discrimination in retaliation. Specialists, apparently as part of the special evaluation, observed Tom in the classroom and wrote poor evaluations of her performance, with the result that Tom was rated "below standard" in March 2016. Tom says that this would have resulted in her placement in the Peer Assistance and Review (PAR) program for the 2016–2017 school year, allegedly in an effort to fire her, so she filed for retirement in March 2016.

The EEOC issued Tom a right-to-sue letter on August 26, 2020. She filed this suit on November 19, 2020. On February 9, 2021, the Board filed the present motion to dismiss the complaint. ECF No. 7. On April 2, after the motion to dismiss was fully briefed, Tom filed a motion requesting a hearing. ECF No. 13. Some two weeks later, on April 15, Tom filed a motion for leave to file a surreply. ECF No. 14. The Court, finding it appropriate to rule on the papers, will **GRANT** the motion to file a surreply but **DENY** the motion for a hearing.

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted where the allegations in the complaint do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [she] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). But this requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Although a court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). At bottom, the complaint must contain factual allegations sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal courts are obliged to "liberally construe the claims of *pro se* litigants" in applying the above analysis. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). However, this requirement "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "While *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Id.* (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). Accordingly, although the facts alleged in a plaintiff's complaint must be taken as true, bare conclusory statements "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679)).

### III.

The Board has moved for dismissal under Rule 12(b)(6) for failure to state a claim. Mot. to Dismiss (Feb. 9, 2021), ECF No. 7. For the following reasons, the Court **GRANTS** the Board's motion as to all claims alleged in the complaint.

### A.

As an initial matter, the Board argues that in a "deferral state" such as Maryland, a plaintiff must file a charge with the EEOC within 300 days after the alleged discrimination. *See* 42 U.S.C. § 2000e–5(e)(1). The complaint states that the alleged discrimination began in October 2014, but Tom filed the EEOC charge on December 10, 2015. Thus, the Board argues, any allegations of discrimination before February 13, 2015 (300 days prior), are time-barred and should be dismissed. The Court agrees with the Board and will exclude from consideration any allegations of discrimination prior to that date.

### B.

The Board next argues that Tom failed to exhaust her administrative remedies as to her constructive discharge claim. A plaintiff asserting unlawful employment practices may only bring allegations to federal court that were included in the EEOC charge, and any claims that exceed the scope of the EEOC charge cannot be considered by the court. *See Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 406–07 (4th Cir. 2013). Here, Tom asserts a claim of constructive discharge, a discrete discriminatory act that requires administrative exhaustion but was not raised in the December 2015 EEOC charge. Indeed, Tom retired in March 2016, about three months after filing the EEOC charge. The Court finds that she has failed to exhaust administrative remedies as to the constructive discharge claim and will dismiss it.

## C.

The Board also argues that Tom has failed to state a claim on all her remaining potential claims: (1) discrimination under the ADA, (2) discrimination under the ADEA, (3) retaliation under the ADA or ADEA, and (4) hostile work environment under the ADA or ADEA.

### 1.

To establish a claim for disparate treatment under the ADA, a plaintiff must show that (1) she has a disability, (2) she is a qualified individual, and (3) her employer took an adverse employment action against her because of her disability. *Sturgill v. Norfolk S. Ry. Co.*, 391 F. Supp. 3d 598, 603 (E.D. Va. 2019). An adverse employment action is a discriminatory act that "adversely affects the terms, conditions, or benefits of the plaintiff's employment." *See James v. Booz-Allen & Hamilton. Inc.*, 368 F.3d 371, 375 (4th Cir. 2004) (cleaned up). "An action that merely causes an employee irritation or inconvenience, but does not affect a term, condition, or benefit of her employment, is not an adverse employment action." *Spriggs v. Pub. Serv. Comm'n*, 197 F. Supp. 2d 388, 393 (D. Md. 2002).

The Court finds no adverse employment action as Tom alleges. She says that in May 2015 she was placed in a "special evaluation" for the 2015–2016 school year and in March 2016 was given a negative evaluation that would have led to her placement in the PAR program during the 2016–2017 school year. However, neither a negative performance review nor placement in a performance improvement plan alone constitutes an adverse employment action. *See, e.g., James*, 368 F.3d at 376–77; *Short v. Berryhill*, No. ELH-18-2714, 2019 WL 4643806, at *13 (D. Md. Sept. 24, 2019) ("[R]eprimands and low performance reviews, without more, do not constitute an adverse action."). Nor do Tom's vague allegations of belittling, harsh criticism, and

micromanagement suffice. *See Short*, 2019 WL 4643806, at *13. The Court finds that she has failed to state a claim for disparate treatment under the ADA.

2.

Tom falls short in her claim for disparate treatment under the ADEA for the same reason. A plaintiff advancing such a claim must allege facts showing (1) membership in a protected class, (2) satisfactory job performance, (3) adverse employment action, and (4) different treatment from similarly situated employees outside the protected class. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). Because she has failed to allege any cognizable adverse employment action, Tom cannot establish this claim.

3.

Neither has Tom sufficiently alleged retaliation under either the ADA or ADEA. To establish a retaliation claim, a plaintiff must demonstrate "(1) that she engaged in a protected activity, (2) that her employer took a 'materially' adverse action against her, and (3) that a causal connection existed between the activity and the adverse action." *Brandford v. Shannon-Baum Signs, Inc.*, No. RDB-11-836, 2012 WL 3542604, at *5 (D. Md. Aug. 15, 2012) (quoting *Cepada v. Bd. of Educ.*, 814 F. Supp. 2d 500, 514–15 (D. Md. 2011)), *aff'd*, 519 F. App'x 817 (4th Cir. 2013). As to the second element, the employer's conduct must be "so materially adverse as to dissuade a reasonable employee from engaging in protected activity." *Hinton v. Va. Union Univ.*, 185 F. Supp. 3d 807, 834 (E.D. Va. 2016). Again, a negative performance review, performance improvement plan, or increased workload would not suffice. *See id.* at 831–32. For the reasons explained above, Tom's allegations do not establish any materially adverse action taken against her between December 10, 2015, when she filed the EEOC charge, and her official retirement in June 2016. Tom has failed to state a claim for retaliation.

*4.*

To the extent that Tom attempts to allege a hostile work environment claim, she again falls short. To establish a hostile work environment claim under the ADEA or ADA, a plaintiff must show that "(1) she is a member of a protected class under . . . the ADEA or a qualified individual with a disability; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment; and (5) some factual basis exists to impute liability for the harassment to the employer." *Broussard v. Panetta*, No. CCB-11-3401, 2013 WL 45902, at *5 (D. Md. Jan. 2, 2013). To demonstrate that the harassment was severe or pervasive requires the plaintiff to show both that she "subjectively perceive[d] the environment to be abusive" and that "the conduct was such that 'a reasonable person in the plaintiff's position' would have found the environment objectively hostile or abusive." *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008) (quoting first *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21–22 (1993), then *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81–82 (1998)). For example, complaints of rude treatment by coworkers, callous behavior by a supervisor, or a routine disagreement or personality conflict with a supervisor are insufficient. *Myers v. Md. Auto. Ins. Fund*, No. CCB-09-3391, 2010 WL 3120070, at *6 (D. Md. Aug. 9, 2010).

Here again Tom alleges that she was placed on a special evaluation, given two "reprimands," received a negative or erroneous observation report in October 2015, received a "below standards" rating in March 2016, and was subjected to unspecified instances of belittling and micromanagement. Even taken together, these allegations cannot meet the high bar for establishing a hostile work environment, especially in the absence of specific allegations

connecting the alleged actions and Tom's age or disability. Thus, Tom fails to state a claim for hostile work environment under the ADA or ADEA.

## IV.

Accordingly, the Board's motion to dismiss is **GRANTED** and the case is **DISMISSED WITH PREJUDICE**. A separate order will issue.

April 29, 2021

/s/ Peter J. Messitte
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE